# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RON CIEUTAT, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0174-WS-B |
| | ) |
| HPCSP INVESTMENTS, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. The defendants removed this action on the basis of diversity of citizenship. By previous order, the Court questioned the defendants' demonstration of both complete diversity and of the requisite amount in controversy. (Doc. 4). The Court ordered the defendants to file a supplement to their removal papers adequately demonstrating the existence of diversity jurisdiction. (Doc. 4). They have filed a supplement, (Doc. 5), but jurisdictional issues remain.

The complaint alleges that two of the 23 plaintiffs are citizens of North Carolina. (Doc. 1-1 at 25). The complaint also alleges that defendant Greg Lindberg is a citizen of North Carolina. (*Id*. at 26). The notice of removal identifies Lindberg as a "resident" of Nevada. (Doc. 1 at 3). The supplement identifies him as a "citizen" of Nevada, (Doc. 5 at 1), but it offers no evidence in support of that proposition. Nor do the defendants explain how their non-evidentiary assertion of Lindberg's citizenship trumps the complaint's contrary allegation, especially given the evidence that someone signed for service of process on Lindberg at a North Carolina street address. (Doc. 1-1 at 36).

The defendants concede there is no principled way to determine at this stage of the litigation that the value of each, or any, plaintiff's damages exceeds $75,000. (Doc. 5 at 3). They argue instead that, for jurisdictional purposes, the plaintiffs' damages should be aggregated, (*id*. at 3-4), and they present evidence that – should it be accepted at face value – indicates those damages in the aggregate likely will exceed the jurisdictional threshold. (Doc. 5-1). The defendants, however, provide insufficient analysis to demonstrate that aggregation is proper.

The defendants acknowledge that "[w]e only aggregate claims when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 974 (11th Cir. 2002) (internal quotes omitted). They also acknowledge that a "'common and undivided interest' … exist[s] only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Morrison v. Allstate Indemnity Co*., 228 F.3d 1255, 1262 (11th Cir. 2000). Finally, they concede that "if plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation," because "the obligation to the plaintiffs must be a joint one." *Eagle Star Insurance Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963).

The defendants assert that the plaintiffs have "joint rights" pursuant to the purchase agreement and that they "collectively seek to enforce their alleged joint right to a certain allocation for tax purposes." Finally, "no Plaintiff to this lawsuit can determine their individual tax liability until the tax liability of the Plaintiffs/sellers as a whole is determined." (Doc. 5 at 3). The defendants, however, offer these conclusions without applying the legal principles they quote to the factual situation presented here.

It is true that there is a single contract in play (the purchase agreement), but it does not follow that all the plaintiffs possess a "common and undivided" interest in the allocation of the purchase price. The complaint alleges that the 23 plaintiffs sold nine different entities to defendant HPCSP Investments, LLC ("HPCSP"). It

appears clear from the complaint that the 23 plaintiffs did not each have an interest in all nine entities; on the contrary, it appears that the entities were scattered over at least seven states, and the various plaintiffs are citizens of those seven states (plus two others). (Doc. 1-1 at 24-26).[1] The most likely situation is that each plaintiff was an owner of only one entity and that (except perhaps for HPC, LLC) each entity had only two or three owners.

How then do the defendants owe any "obligation to [all 23 plaintiffs] as a group and not to the individuals [or individual owners of each entity] severally," as *Morrison* demands? How then do they have an "undivided" interest, as required by *Leonard*, in which the Kansas plaintiffs have an interest in the West Virginia allocation, the Oklahoma plaintiffs have an interest in the Mississippi allocation, and so forth? It may be that the purchase agreement must be read the same way as to each purchased entity, but that parallelism does not give rise to a common and undivided interest, only to a multitude of separate interests that by law cannot be aggregated. *E.g., Morrison*, 228 F.3d at 1259, 1264 (claims by policyholders seeking construction of identical policy language could not be aggregated, because their rights were "separate and distinct").

The Court will afford the defendants one – and only one – final opportunity to meet their burden of establishing the existence of diversity

---

[1] Hemophilia Preferred Care of Memphis, Inc. – three Tennessee plaintiffs;
HPCNC, Inc. – two North Carolina plaintiffs;
HPC Specialty Rx West Virginia, Inc. – two West Virginia plaintiffs;
HPC Specialty Rx of Kansas, Inc. – two Kansas plaintiffs;
Hemophilia Preferred Care of Oklahoma, Inc. – two Oklahoma plaintiffs;
Hemophilia Preferred Care of Mississippi, Inc. – two Mississippi plaintiffs; and
HPC, LLC (known from a related case to be located in Alabama) – seven Alabama plaintiffs.

The remaining three plaintiffs are citizens of Louisiana (two) and Arkansas (one). The location of the other two entities cannot be surmised from their names: Biologicals, Inc. and HPC Specialty Rx Reed, Inc.

jurisdiction. In addition to the foregoing, the Court offers the following, non-exhaustive comments.

First, the notice of removal states that the parties dispute the allocation of HPCSP's value, with the defendants allocating $67 million and the plaintiffs $60 million, and with the amount in controversy being the additional tax on the extra $7 million. (Doc. 1 at 3-4). The complaint, however, makes no allegation regarding the value of the entity defendant; instead, it alleges that the dispute centers on the allocation of the purchase price – presumably a number that is not in dispute. (Doc. 1-1 at 27). The supplement does not repeat this argument, and it is unclear whether the defendants still advance it.

Second, according to the complaint, the purchase agreement required an allocation of the purchase price among the nine purchased entities, and then a further allocation among various assets of the various entities. (Doc. 1-1 at 27). The complaint does not specify which of these levels of allocation is in dispute, but the supplement indicates it is only the latter. (Doc. 5 at 4).

Finally, the Court has been hampered in its assessment of the amount in controversy by the defendants' failure to present the purchase agreement or any detailed information – much less evidence – regarding the factual situation underlying the lawsuit and the allegations thereof.

For the reasons set forth above, the defendants are **ordered** to file and serve, on or before **April 17, 2020**, a second supplement to their removal papers that adequately demonstrates the existence of diversity jurisdiction, failing which this action will be remanded to state court without further notice.

DONE and ORDERED this 8th day of April, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE